IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          HONORABLE MILTON I. SHADUR

V.S.          12 CR 76-2

DOMINIC BUTTITTA

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DEPARTURE FROM THE SENTENCING GUIDELINES

DEFENDANT, DOMINIC BUTTITTA, through his attorney, KEVIN P. BOLGER, respectfully sets forth this Sentencing Memorandum and Request for Departure from the Guide Lines

On February 23, 2012, pursuant to a written plea agreement, Mr. Buttitta, entered a plea of guilty to counts One and Two of the Information. He was referred to the U.S. Probation Department for preparation of a Presentence Report.

Mr. Buttitta and counsel have reviewed the report and adopt the report in principal.

### SENTENCING MEMORANDUM

A District Court should begin by calculating the applicable Guidelines range. They are the starting point and the initial benchmark, but are not the only consideration. After the

Court calculates the Guidelines, The Court must not presume that the Guideline range (level 21 category I, 37-46 months) is reasonable but must make an individualized assessment based on the facts presented.

In this instant case it is the position of the defense that the Guideline calculations are the correct version, however, we submit that the calculations are unreasonable given the facts of the case, as they pertain to Dominic Buttitta.

## REQUEST TO DEPART FROM THE GUIDELINES

Dominic Buttitta requests that this Court depart from the suggested Guidelines Sentence and sentence him to a period of probation. The guidelines as calculated place him in Category D which is no probationable but the offenses as charged are statutorily eligible for 1-5 years of probation 18 USC sec 3561(c)(1) with a fine, restitution or community service, 18 USC sec 3563(a)(2). Under Gall v. United States, 128 S.Ct.586 (2007) and its predecessors, the Guidelines are no longer mandatory but advisory. A District court judge must consider the extent of any departure from the Guidelines and must explain the appropriateness of the unusually lenient or harsh sentence with sufficient justifications.

The Court must next consider the sentencing factors as set forth in Section 3553(a) to determine whether they support the sentence requested by Dominic Buttitta.

Dominic is charged with Conspiracy to Defraud the United States by Impeding the IRS and Conducting an Illegal Gambling Business. He has a misdemeanor DUI conviction, (considered a conviction in Federal Court, but a diversion in State court) from 1984 in which he successfully completed a one year period of supervision. He has a Damage to property from 1994 in which he received Conditional Discharge. He successfully completed. He has no history of violence and but for these indiscretions is a law abiding citizen.  A sentence of probation would not deprecate the seriousness of the instant offense, it would promote respect for the law and provide a just punishment for the offense. It would serve as an adequate deterrence for others.  There is no reason that the public would need to be protected from him nor any indication that he would commit other crimes.  He is not in need of any educational, vocational or other correctional treatment. This would not be an unwarranted sentence disparity.  It would also give him a better opportunity to repay the IRS and the U.S. Government.  He could return to society and attempt to restore his family.

A sentence of probation is commensurate with the offense, his back ground and is sufficient, but not greater than necessary , to comply with the purposes set forth above.

**FACTOR TO BE CONSIDERED**

Dominic Buttitta is 69 years old.  He has been married to Irene Saldana for twenty four years. Together, they have two children Dominic (age 22 years) and Bridgette (age 20 years).

He is a prostate cancer survivor and has just recently passed the five year mark. He suffers from Type II Diabetes, high cholesterol and high blood pressure. He is currently taking four prescription medications for these diseases. Dominic also has Biomechanical foot problems, including gout. He is on antidepressants and is undergoing treatment for depression and alcohol abuse.

Dominic Buttitta has had a good life with the normal family support groups intact. Due to his involvement in this offense, his family and personal life are in distress. He is in danger of losing his businesses and a significant part of his income. His wife and children are struggling personally and will suffer financially if he is incarcerated. His absence would devastated them.

His family is in dire need of his presence not only from financial basis, but also from a personal basis. He is the back bone of this family unit.

**LEGAL ARGUMENT**

In U.S. v. William Thurston, United States Court of Appeals, First District No. 05-2271, October 2, 2008, the Government appealed the sentence of Thurston by Massachusetts District Court Judge Mark Wolf. Thurston was convicted of conspiring to defraud Medicare. The guidelines yielded a range of 63 to 78 months. The statutory maximum sentence was 60 months. Departing from the guidelines, the district court

sentenced Thurston to three months incarceration and 24 months of supervised release. The Court initially reversed and remanded for re-sentencing after concluding that the district court erred in departing from the guidelines. They instructed the district court to sentence the defendant to 60 months.

Following this disposition the Supreme Court decided U.S. v. Booker, 543 U.S. 220 (2005). The Court vacated their judgement and the case was reversed and remanded for further consideration. The case was them remanded to the district court for re-sentencing. A second district court judge arrived at a recommended guideline sentence of 60 months but concluded that a lower sentence was appropriate and sentence Thurston 3 months incarceration and 24 months of supervised release, thus mirroring the original sentence. The government appealed, and the appellate court agreed with the government, reversing and remanding for new sentence.

The Supreme Court ultimately vacated the decision this time pursuant to Gall, and remanded it for further consideration. Thurston v. U.S. 128 S. Ct. 854 (2008). The appellate court in light of Gall held that the sentencing decisions of the district courts should generally be respected and affirmed the sentence of the district court, stating we must ultimately take in to account the "totality of the circumstances" when reviewing the defendant's sentence.

We request that this Honorable Court temper justice with mercy and sentence Dominic Buttitta to a period of probation with an appropriate period of community service..

Respectfully submitted

/s/ KEVIN P. BOLGER

KEVIN P. BOLGER

ATTORNEY FOR Dominic Buttitta

KEVIN P. BOLGER
ATTORNEY FOR DOMINIC BUTTITTA
150 N. WACKER DRIVE
SUITE 2460
CHICAGO, IL 60606
312 899 8100
Bolgerlaw@aol.com

**CERTIFICATE OF SERVICE**

The undersigned, being duly sworn on oath, deposes and states that he served a copy of the **DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DEPARTURE FROM THE SENTENCING GUIDELINES**, by electronic filing on the **6th** day of **July, 2012**.

/s/ KEVIN P. BOLGER
KEVIN P. BOLGER
ATTORNEY FOR Dominic Buttitta

KEVIN P. BOLGER
ATTORNEY FOR DOMINIC BUTTITTA
150 N. WACKER DRIVE
SUITE 2460
CHICAGO, IL 60606
312 899 8100
Bolgerlaw@aol.com